UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER MICHAEL BECKMAN,      )<br>                                                                    )<br>                         Plaintiff,             )<br>                                                                    )<br>             v.                                              )         No. 2:20-cv-00607-JPH-DLP<br>                                                                    )<br>FRANK VANIHEL,                                )<br>                                                                    )<br>                         Defendant.          ) | |

**Order Granting Motion for Leave to Proceed *in Forma Pauperis*, Screening Amended Complaint**, **and Directing Issuance and Service of Process**

Plaintiff Christopher Beckman, an inmate at Wabash Valley Correctional Facility ("WVCF"), filed this action pursuant to 42 U.S.C. § 1983. Because Mr. Beckman is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendant. Before the Court screened Mr. Beckman's complaint, he filed an amended complaint, dkt. [5], which is now the operative complaint.

**I. *In Forma Pauperis***

Mr. Beckman's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted**. Although Mr. Beckman is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty-dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

The assessment of even an initial partial filing fee is waived because Mr. Beckman has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

1

## II. Screening of the Amended Complaint

### A. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### B. The Amended Complaint

Mr. Beckman names Warden Frank Vanihel as the sole defendant.

Mr. Beckman first alleges that WVCF has banned role-playing publications and games, including *Dungeons & Dragons*, *Magic: The Gathering*, *Rifts*, and *Vampire: The Masquerade* without reviewing them. He alleges the facility has banned them because the publications include instructions on how to make weapons when, in reality, they do not. Mr. Beckman alleges that another stated concern is that the players may confuse the games with reality, which he believes is not a rational reason because it assumes mental illness. He also challenges to the ban on catalogs about collectible cards. He acknowledges a safety reason for banning the cards—they have monetary value—but says there is no safety reason to prohibit inmates from viewing

2

catalogs that discuss new cards. He alleges these publications cause no threat to the safety and security of the facility.

Mr. Beckman next challenges the prison's policy of providing inmates photocopies of pictures ordered from commercial vendors rather than originals. The picture policy applies to all pictures, whether they come from family members and friends or commercial vendors. Mr. Beckman asserts that the policy makes sense as applied to family and friends because they may try to traffic drugs to inmates by soaking or spraying the pictures with illicit substances, but there is no reason to believe a professional vendor would do so. Mr. Beckman believes that all pictures should be copied using a color copier because the black and white pictures are often too dark to be of any value. In the alternative, the prison should provide inmates with the original pictures from commercial vendors, just as they do with books, magazines, and newspapers that come directly from vendors.

Mr. Beckman seeks injunctive relief—he wants the facility to approve the role-playing publications in question and to provide color copies of all pictures or the originals of photographs that come from commercial vendors.

Mr. Beckman's First Amendment claims **shall proceed** as submitted against Warden Vanihel in his official capacity.

### C. Issuance and Service of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendant Warden Frank Vanihel in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [5], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

### III. Conclusion

Mr. Beckman's motion to proceed *in forma pauperis*, dkt. [2], is **granted**, and his First Amendment claims **shall proceed** against Warden Vanihel in his official capacity as submitted.

**SO ORDERED**.

Date: 12/16/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER MICHAEL BECKMAN
100203
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic Service to IDOC Employee at Wabash Valley Correctional Facility:
Warden Frank Vanihel