UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL BECKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00607-JPH-DLP |
| | ) | |
| FRANK VANIHEL, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Granting Motion to Amend Complaint and Screening Amended Complaint**

Plaintiff, Christopher Beckman, an inmate at Wabash Valley Correctional Facility ("WVCF"), filed this action pursuant to 42 U.S.C. § 1983, alleging that his First Amendment rights have been violated due to WVCF's policies banning role-playing books and making black-and-white copies of all pictures. Mr. Beckman has moved to amend his complaint for the second time. Dkt. 19. The motion, dkt. [19], is **granted**, and the Court proceeds to screening his second amended complaint. 28 U.S.C. § 1915A(a).

### I. Screening of the Amended Complaint

**A. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). For the complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial

1

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### B. The Amended Complaint

Mr. Beckman names Warden Frank Vanihel as the sole defendant.

WVCF has a "banned books" list that bans certain types of books based on their subject matter without individualized review of the publication. As in his first amended complaint, Mr. Beckman challenges the prohibition of role-playing game rule books and publications about collectible card games. *See* dkt. 19 at 2 (listing 24 rule books and 4 collectible card game publications by title). Now, Mr. Beckman seeks to also challenge the ban on tattoo-related publications and publications deemed sexually explicit, including *Playboy*, *Hustler*, *Penthouse*, and *Cheri*. Mr. Beckman alleges these publications cause no threat to the safety and security of the facility.

Mr. Beckman next challenges the prison's policy of providing inmates photocopies of pictures ordered from commercial vendors rather than originals. The picture policy applies to all pictures, whether they come from family members and friends or commercial vendors. Mr. Beckman asserts that the policy makes sense as applied to family and friends because they may try to traffic drugs to inmates by soaking or spraying the pictures with illicit substances, but there is no reason to believe a professional vendor would do so. Mr. Beckman believes that all pictures should be copied using a color copier because the black and white pictures are often too dark to be of any value. In the alternative, the prison should provide inmates with the original

pictures from commercial vendors, just as they do with books, magazines, and newspapers that come directly from vendors.

Finally, Mr. Beckman challenges his inability to grieve the policy with respect to the tattoo-related and sexually explicit publications. WVCF implemented the policy in March 2021, but Mr. Beckman only became aware of the policy on May 28, 2021. When he attempted to grieve the new policy, the grievance was rejected as untimely because the policy was implemented in March.

Mr. Beckman seeks injunctive relief—he wants the facility to approve the publications in question and to provide color copies (or the originals) of pictures that come from commercial vendors.

### C. Discussion

Mr. Beckman's First Amendment claims with respect to the banned publications and black-and-white copies of pictures **shall proceed** as submitted against Warden Vanihel in his official capacity.[1]

Mr. Beckman's claim challenging his inability to grieve the publication policy is **dismissed for failure to state a claim upon which relief may be granted**. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. Prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). But the PLRA's exhaustion requirement

---

[1] In *Payton v. Cannon*, 806 F.3d 1109, 1110 (7th Cir. 2015), the Seventh Circuit affirmed a grant of summary judgment order upholding an Illinois prison's ban on sexually explicit material because the plaintiff provided no evidence to counter the defendant's evidence that the material posed a safety risk. However, the court acknowledged that the ban may be ineffectual and advised the Illinois Department of Correction to reexamine the policy "with an open mind." *Id.* at 1111. Accordingly, Mr. Beckman's challenge to the prohibition of sexually explicit material states a claim.

does not create a freestanding right under federal law to access the administrative remedy process. *See Smith v. Erickson*, 684 Fed. App'x 576, 578 (7th Cir. 2017) (noting there is no right under the First Amendment or Fourteenth Amendment to a grievance process, but recognizing that deficient grievance process may relieve plaintiff of duty to exhaust) (citing *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009), *Grieveson v. Anderson*, 538 F.3d 762, 772 (7th Cir. 2008), and *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016)).

## II. Conclusion

Mr. Beckman's motion to amend his complaint, dkt. [19], is **granted**. Mr. Beckman's First Amendment claims challenging the publication and photocopy policies **shall proceed** against Warden Vanihel in his official capacity. Any claim challenging the adequacy of a grievance policy is **dismissed**.

The **clerk is directed** to docket pages 1 through 4 of docket [19-1] as the amended complaint and pages 5 through 32 of docket [19-1] as exhibits in support thereof.

**SO ORDERED.**

Date: 7/16/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

CHRISTOPHER MICHAEL BECKMAN
100203
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Zachary Robert Griffin
INDIANA ATTORNEY GENERAL
zachary.griffin@atg.in.gov

Samantha May Sumcad
INDIANA ATTORNEY GENERAL
samantha.sumcad@atg.in.gov