UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER STEPHEN BECKMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANK VANIHEL, )<br>)<br>Defendant. ) | No. 2:20-cv-00607-JPH-DLP |

**Order Granting Motion for Leave to File Amended Complaint and
Motions to Show Why Action Is Not Moot**

Plaintiff Christopher Beckman filed this action pursuant to 42 U.S.C. § 1983 against Wabash Valley Correctional Facility Warden Frank Vanihel seeking injunctive relief concerning mail policies that prohibited role-playing and collectible card game publications and sexually explicit periodicals. *See* dkt. 21 at 2−3 (amended complaint). Mr. Beckman has since been transferred to the Indiana State Prison ("ISP"). The Court ordered Mr. Beckman to show cause why this action should not be dismissed as moot. Dkt. 80.

In response, Mr. Beckman filed two motions to show cause why the action is not moot[1] and a motion for leave to file an amended complaint. Dkts. 82, 83, 85. Mr. Beckman alleges that ISP applies the same mail restrictions as Wabash Valley, and thus, his complaint is not moot but rather concerns Indiana Department of Correction-wide policies. Because Mr. Beckman has demonstrated that the issue is not moot, his motions to show cause, dkts. [83] and [85], are **granted**.

Mr. Beckman seeks to amend his complaint to add the commissioner of the IDOC and all IDOC wardens. Dkt. 82. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that once

---

[1] The motions are identical except that the motion at docket 85 included an exhibit in support.

1

an answer to a complaint has been filed "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule also provides that "[t]he court should freely give leave when justice so requires." *Id.* Although leave to amend a complaint should be freely granted when justice so requires, "district judges have broad discretion to deny leave to amend, where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Huon v. Denton,* 841 F.3d 733, 745 (7th Cir. 2016) (internal quotation omitted). The Court may also deny a motion to amend if permitting the amendment would unduly burden the judicial system. *Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992).

The defendant argues that Mr. Beckman's motion for leave to amend should be denied, and this action dismissed as moot, because Mr. Beckman's motion for leave to amend was filed over a year after the deadline provided in the pretrial scheduling order, causing undue delay and burdening the judicial system. Dkt. 86 at 2. He argues that by permitting an amendment at this juncture, the "Court would be required to essentially start completely over and revert back to the beginning stages of litigation." *Id.* at 3. The Court disagrees about the extent of the burden. Mr. Beckman seeks to challenge the same mail policies, so the evidence and legal theories will largely be the same. Further, his transfer—which triggered the need to amend his complaint to avoid mootness—did not occur until after the deadline in the pretrial schedule.

Accordingly, Mr. Beckman's motion for leave to file an amended complaint, dkt. [82], is **granted**. Mr. Beckman has **through September 23, 2022**, to file an amended complaint that has every defendant and legal claim that he wishes to pursue in this action; it must state

2

"Amended Complaint" and have this cause number, 2:20-cv-607-JPH-DLP, on the first page. The Court will then screen Mr. Beckman's amended complaint and serve the appropriate defendants. The **clerk is directed** to include a complaint form with Mr. Beckman's copy of this Order.

**SO ORDERED.**

Date: 9/2/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER STEPHEN BECKMAN
100203
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

All Electronically Registered Counsel